IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RACHEL REITER f/k/a RACHEL ELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. |
| vs. ) | |
| ) | |
| NCO FINANCIAL SYSTEMS, INC., ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, RACHEL L. REITER f/k/a RACHEL L. ELLIS, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, NCO FINANCIAL SYSTEMS, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*., and the OCSPA, Ohio Rev. Code § 1345.01, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Lorain, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff to Great Lakes Higher Education Guaranty Corporation.

6. On information and belief, Defendant is a corporation of the State of Pennsylvania, which is licensed to do business in Ohio and which has its principal place of business in Horsham, Pennsylvania.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about August 8, 2008, Plaintiff began receiving telephone calls from representatives of Defendant in attempts to collect the alleged debt mentioned above. These phone calls to Plaintiff continued through at least March 10, 2009.

8. On many occasions, telephone calls were placed by Defendant's representatives to Plaintiff at her previous place of employment. Despite Plaintiff's statements to Defendant's representatives that she was not allowed to take such telephone calls while she was working, and despite her repeated requests that Defendant's representatives not contact her at her place of employment, these telephone calls continued.

9. During some of these telephone conversations, Defendant's representatives threatened Plaintiff with litigation, wage garnishment and the placement of liens on her property if she did not pay the alleged debt.

10. Defendant's representatives did not, during every telephone call they placed to Plaintiff, advise her that the communication was from a debt collector, as is required by 15 U.S.C. 1692e(11).

11. On or about March 10, 2009, a female representative of Defendant placed a telephone call to the home of Plaintiff's mother, Deborah Langenberg. Defendant's representative told Plaintiff's mother that she was trying to contact Plaintiff in regard to a job for which Plaintiff had allegedly recently applied. In an effort to obtain location information regarding Plaintiff, Defendant's representative concealed the true reason for her call to Plaintiff's mother.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Communicating with Plaintiff at her place of employment where Defendant had reason to know that her employer prohibited her from receiving such calls, in violation of 15 U.S.C. § 1692c(a)(3);

    b. Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the person at the called number, in violation of 15 U.S.C. § 1692d(5);

    c. Threatening to take action that could legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    d. Representing or implying that nonpayment of the alleged debt would result in the garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful and Defendant did not intend to

3

    take such action, in violation of 15 U.S.C. § 1692e(4);

 e. Using a business, company or organization name other than the true name of Defendant's company, in violation of 15 U.S.C. § 1692e(14);

 f. Failing to disclose in every communications with Plaintiff and her mother that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11);

 g. Communicating with Plaintiff's mother without her prior consent, in violation of 15 U.S.C. § 1692c(b);

 h. Using false means in communicating with Plaintiff's mother in order to obtain her location information, in violation of 15 U.S.C. § 1692b and 15 U.S.C. § 1692e(10);

 i. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, RACHEL L. REITER f/k/a RACHEL L. ELLIS, respectfully prays for a judgment as follows:

 a. All actual compensatory damages suffered;

 b. Statutory damages of $1,000.00 for each violation of the FDCPA;

 c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

 d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

14. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

15. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

16. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

17. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

18. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

19. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

20. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, RACHEL L. REITER f/k/a RACHEL L. ELLIS, respectfully prays for judgment against Defendant as follows:

    a. Three (3) times all actual damages suffered for each violation;

    b. All statutory damages to which Plaintiff is entitled for each violation;

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d.    Such other and further relief as may be necessary, just and proper.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for the trebling of any damages pursuant to Ohio Rev. Code § 1345.09 and any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23240 Chagrin Blvd., Suite 601
Beachwood, OH 44122-5452
(888) 595-9111, ext. 711 (phone)
(866) 382-0092 (facsimile)
David@LuxenburgLevin.com